UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSEPH FLYING HORSE,<br><br>    Defendant. | 5:20-CR-50035-JLV-01<br><br>REPORT AND RECOMMENDATION |

Pending are Defendant's Requests for Entry of Default and Motion to Grant Unopposed Motions (Docs. 56, 64, and 251). Based on a careful consideration of all the relevant pleadings, the Court respectfully makes the following:

### RECOMMENDATION

It is respectfully recommended that Defendant's Requests for Entry of Default be denied.

### JURISDICTION

Defendant is charged in an Indictment with Possession of a Stolen Firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) and Possession of a Firearm While Under Indictment in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). The pending Motions were referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and United States District Judge Jeffrey L. Viken's Standing Order dated April 1, 2018.

1

## FACTUAL BACKGROUND

The defendant filed the pending Requests for Entry of Default (Docs. 56, 64) on July 13th, 2020, and July 20th, 2020, respectively. However, both documents are dated July 10th, 2020 and contain the exact same language and appear to be duplicates. The Motion to Grant Unopposed Motions was filed on June 3, 2021

The defendant argues the court should enter a default judgment against the Government because they failed to respond to his Motion to Dismiss, filed July 2nd, 2020. (Doc. 51). In support of his motion at Dockets 56 and 64, he cites vaguely to Fed. R. Civ. P. 8(e) and McGirt v. Oklahoma, 140 S.Ct. 2452 (2020). In the Motion to Grant Unopposed Motions, the defendant cites civil cases wherein the court granted unopposed motions to dismiss.

On July 14, 2020, this Court issued an order notifying the Government that their response to the defendant's Motion to Dismiss was due on July 9th, 2020 and ordered the Government to file a response by July 20th, 2020. (Doc. 59). The Government responded to the Motion to Dismiss and the Requests for Entry of Default on July 16th, 2020. (Doc. 62). The Government solely addresses the merits of the Motion to Dismiss and did not weigh in on the timeliness of their response.

## DISCUSSION

D.S.D. Crim. L.R. 47.1(C) states, in relevant part, "[o]n or before 7 calendar days after service of a motion and brief, unless otherwise specifically

ordered by the court, all opposing parties must serve and file a responsive brief containing opposing legal arguments and authorities in support thereof."

However, "[P]laintiff's failure to respond to defendants' motions to dismiss "does not automatically compel resolution of [the motions] in favor of [defendants].'" Meyer v. JP Morgan Chase Bank, 2016 WL 11609168 (D.S.D. 2016) (citing United States v. One Parcel of Real Prop., 27 F.3d 327, 329 n.1 (8th Cir. 1994), (see also Canada v. Union Elec. Co., 135 F.3d 1211, 1213 (8th Cir. 1997) ("When a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive."))

Here, the defendant is requesting the court enter a default judgment on his motion to dismiss (Doc. 51) because the Government failed to respond in a timely fashion. While it is true the Government's response was untimely, an entry of default is not appropriate in this case. After being notified of their need to file a response, the Government did so within the timeframe set out in this Courts order at Docket 59.

Additionally, the defendant's motion to dismiss argues, in short, that his case should be dismissed because the Government has "acquiesced to its lack of personal-matter jurisdiction over the Defendant...." This motion, if granted, would be dispositive of this case. As such, the court has considered the Motion to Dismiss on its merits which is discussed in another Report and Recommendation filed at this same date. The defendant's request for entry of default is denied.

## CONCLUSION

For the aforementioned reasons, the Court respectfully

RECOMMENDS the defendant's Requests for Entry of Default and Motion to Grant Unopposed Motions (Docs. 56, 64, and 251) be denied.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 21st day of July, 2021.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge