UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH FLYING HORSE,<br><br>　　　　　　Defendant. | 5:20-CR-50035-JLV-01<br><br>REPORT AND RECOMMENDATION |

Pending is Defendant's Motion to Suppress (Doc. 65). Based on a careful consideration of the relevant pleadings, the Court respectfully makes the following:

**RECOMMENDATION**

It is respectfully recommended that Defendant's Motion to Suppress be denied.

**JURISDICTION**

Defendant is charged in an Indictment with Possession of a Stolen Firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) and Possession of a Firearm While Under Indictment in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). The pending Motions were referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and United States District Judge Jeffrey L. Viken's Standing Order dated April 1, 2018.

1

## FACTUAL BACKGROUND

Defendant, appearing *pro se*, filed the present Motion to Suppress on July 21st, 2020. The Defendant argues the Government failed to lay proper foundation for the introduction of a cell phone at his preliminary hearing and a search warrant was not issued to obtain the cell phone. (Doc. 65).

The Government responded to this motion on August 4, 2020. (Doc. 82). The Government argues the cell phone was abandoned, a search warrant was obtained, and the issue is moot because the Defendant was subsequently indicted by a federal grand jury on the same charges listed in the Complaint.

## DISCUSSION

The issues are whether the Federal Rules of Evidence apply to preliminary hearings and whether the issue raised in Defendant's Motion to Suppress is now moot. FED. R. EVID. § 1101(d)(3) states "These rules-except for those on privilege-do not apply to the following... 3) a preliminary examination in a criminal case." "At the preliminary hearing, the defendant... may not object to evidence on the ground that it was unlawfully acquired." FED. R. CRIM. P. § 5.1 (e). Since the Federal Rules of Evidence do not apply to preliminary hearings, the Defendant's argument that the cell phone was inadmissible fails.

Additionally, the purpose of the preliminary hearing is to determine whether probable cause exists to believe the offense which is charged in the Complaint has been committed by the defendant. Id. The Court need not

conduct a preliminary hearing if the defendant is indicted on the same charges. CRIM. P. § 5.1 (a)(2).

Here, a preliminary hearing for the Defendant on these charges was held on June 3, 2020. (Doc. 18). The Defendant was indicted by a federal grand jury on June 11, 2020. (Doc. 26). Therefore, Defendant's Motion to Suppress the use of the cell phone at his preliminary hearing is now moot because the grand jury indictment alone is sufficient to maintain the charges against the Defendant. To the extent the Defendant wishes to raise these suppression issues at trial, he may do so at the appropriate time.

## CONCLUSION

For the foregoing reasons, it is hereby RECOMMENDED that Defendant's Motion to Suppress (Doc. 65) be denied without prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this **21st** day of July, 2021.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge

3