UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>vs.<br><br>JOSEPH FLYING HORSE,<br><br>                        Defendant. | 5:20-CR-50035-JLV-01<br><br>REPORT AND RECOMMENDATION |
| --- | --- |

Pending are Defendant's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Motions to Dismiss (Docs. 51, 97, 147, 148, 179, 187, 201, 218, 250). Based on a careful consideration of all the evidence, and counsel's written arguments, the Court respectfully makes the following:

### **RECOMMENDATION**

It is respectfully recommended that Defendant's Motions to Dismiss be denied.

### **JURISDICTION**

Defendant is charged in an Indictment with Possession of a Stolen Firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) and Possession of a Firearm While Under Indictment in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). The pending Motions were referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and United States District Judge Jeffrey L. Viken's Standing Order dated April 1, 2018.

## FACTUAL BACKGROUND

The defendant has filed nine different motions to dismiss. The facts of each individual motion will be addressed in its respective section below.

## DISCUSSION

### 1. First Motion to Dismiss (Doc. 51)

The defendant's First Motion to Dismiss was filed July 2, 2020. The defendant argues the United States, as Plaintiff in this action, does not have personal jurisdiction over him because "the United States has acquiesced to its lack of personal-matter jurisdiction" by failing to respond to the defendant's letter of June 22, 2020.[1] (Doc. 51, 51-1). In this letter, which the defendant attached to this motion, the defendant argues both the prosecution and this Court lack personal jurisdiction because he is not a U.S. citizen and is instead a sovereign citizen. (Doc. 51-1).

The Government argues the defendant is a U.S. citizen under 8 U.S.C. § 1401(b) and subject to the jurisdiction thereof. The government also argues any contention by the defendant that he is a sovereign citizen and not subject to the laws of the United States is without merit and "patently frivolous." (Doc. 62).

---

[1] As a preliminary matter, it is important to note the jurisdictional requirement pertains only to the Court. A case cannot be dismissed due to lack of jurisdiction by the prosecution. Thus, the defendant's argument the charges against him should be dismissed because the Government has acquiesced to their own lack of jurisdiction is without merit.

2

The issue is whether the defendant should be considered a sovereign citizen and, if so, whether that would deprive this Court of personal jurisdiction. Sovereign citizen arguments have routinely been rejected in the Eighth Circuit. See, e.g., Meyer v. Schroeder, 2018 WL 3651354 (D.S.D. 2018) (rejecting Defendant's claim of sovereign citizenship as frivolous), United States v. Hart, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting sovereign citizen as a constitutionally relevant status), United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (calling sovereign citizen claim "completely without merit, patently frivolous, and...rejected without expending any more of this Court's resources...")

Additionally, even if the Court were to accept the fact that the defendant were a sovereign citizen or a non-U.S. citizen, that fact would still not deprive this Court of personal jurisdiction over the defendant. "[T]here is no question that every person present in the United States is generally subject to the laws of the United States." United States v. Workman, 2009 WL 1649197 (D. Neb. 2009) (quoting United States v. Szilagyi, 1989 WL 68592 (6th Cir. 1989)). "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the State, of all offenses against the laws of the United States." 18 U.S.C. § 3231. "[T]he government must prosecute an offense in a district where the offense was committed." FED. R. CRIM. P. 18.

Here, the defendant is charged with committing crimes in violation of the laws of the United States, to wit, Possession of a Stolen Firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) and Possession of a Firearm While Under

Indictment in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). Additionally, the offenses occurred within the state of South Dakota. This Court clearly has personal jurisdiction over the Defendant.

Therefore, the Court recommends the Defendant's First Motion to Dismiss (Doc. 51) be denied.

### 2. Second Motion to Dismiss (Doc. 97)

The defendant's Second Motion to Dismiss was filed August 21, 2020. The defendant argues Counts I and V should be dismissed because the Government has failed to prosecute the case because they have not "resisted, responded to, nor opposed any of the defendant's filings since July 27, 2020." (Doc. 97).

The Government filed a response to this Motion on August 25, 2020. The Government argues the Defendant relies solely on cases applying the FED. R. CIV. P. and that both the cases and FED. R. CIV. P. are inapplicable in a criminal case. (Doc. 113).

The issue is whether Defendant's Motion to Dismiss for Failure to Prosecute is appropriate in this case. "The Federal Rules of Civil Procedure apply to civil cases in federal district courts, FED. R. CIV. P. 1, but have no applicability in a criminal case such as this one." United States v. Fay, 2014 WL 129555, *3 (D.S.D. Jan. 13, 2014) (citing United States v. McCalister, 601 F.3d 1086, 1087-88 (10th Cir. 2010) (noting that the Federal Rules of Civil Procedure are not available in criminal proceedings)).

Here, the Defendant provides no support for his Motion to Dismiss for Failure to Prosecute other than vague citations to <u>Jumping Eagle v. Yantis</u>, 2020 U.S. Dist. LEXIS 25324 *7 (D.S.D. 2020) and <u>Roofing v. Travelers Cas. Co. of Am.</u>, 2020 U.S. Dist. LEXIS 27657 *2 (D. Neb. 2020). Both cases rely solely on Fed. R. Civ. P. 41(b), which allows a court to dismiss a civil action with prejudice "only in the face of a clear record of delay or contumacious conduct by the plaintiff." <u>Navarro v. Chief of Police, Des Moines, Iowa</u>, 523 F.2d 214, 217 (1975). This mechanism does not apply in criminal cases.

The Defendant argues his motion should not be rejected on "mere technical grounds" and that his filings should be construed liberally. While it is true *pro se* motions are to be construed more liberally than those filed through an attorney (See, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)), that does not entitle a *pro se* litigant to forms of relief unavailable to defendants represented by counsel. Since a Dismissal for Failure to Prosecute is unavailable in a criminal case, the Court will not consider the merits of such a motion.

Therefore, the Court recommends the Defendant's Second Motion to Dismiss (Doc. 97) be denied.

### 3. Third Motion to Dismiss (Doc. 147)

The defendant's Third Motion to Dismiss was filed October 13, 2020. The defendant argues Count V should be dismissed because he was not "under indictment" between the dates of April 19 and April 21, as alleged by the Indictment in this case.

5

Specifically, the Indictment alleges that the defendant was charged in Pennington County, South Dakota, case no. CRI 20-001236, with Possession of a Controlled Substance, Schedule I or II, which carries a potential prison sentence exceeding one year. (Doc. 26). The defendant was initially charged by complaint on March 10, 2020, and appeared for his initial appearance on March 13, 2020. Doc. 147-1. The defendant was not charged by indictment until May 7, 2020. Id.

The issue is whether a complaint is considered an "indictment" for purposes of 18 U.S.C. 922(n). The term "indictment" is defined as "an indictment or information in any court under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted." 18 U.S.C. § 921(a)(14). To determine whether the defendant was under indictment for purposes of § 922(n), the court is to look at South Dakota law. U.S. v. Hill, 210 F.3d 881 (8th Cir. 2000) (applying Missouri law because the defendant was charged in state court in Missouri).

The Court is unable to find, and neither party points to, any controlling case law on this point. However, the Eighth Circuit case of U.S. v. Brede is quite instructive. 477 F.3d 642 (8th Cir. 2007). In this case, the court held

> Under Minnesota law, a 'complaint is a written signed statement of the essential facts constituting the offense charged.' Minn. R. Crim. P. 2.01. Consequently, Brede became subject to the prohibitions of § 922(n) when the state of Minnesota filed the felony complaints against Brede. The district court did not err in determining an indictment, and information, and a Minnesota complaint are functionally equivalent . . . .

Brede, 477 F.3d at 643-44.

The Brede court goes on to interpret the Congressional intent of 18 U.S.C. § 922(n) as being "to protect the public by proscribing [acts involving firearms by] ... those charged with felonies without attaching any significance to the procedural vehicle forming the basis of the charge. Id at 643-44 (quoting Schook v. United States, 337 F.2d 563, 567 (8th Cir.1964)).

The definition of a "complaint" under South Dakota is nearly identical to the Minnesota definition in Brede. "A complaint is a written statement of the essential facts constituting an offense charged. It must be signed under oath before a person authorized to administer oaths in the State of South Dakota." SDCL § 23A-2-1 (2019). This Court, like the court in Brede, finds no meaningful difference between an information, which is contained in the definition of "indictment," and a complaint.

Therefore, the court finds that a complaint under South Dakota law falls under the definition of "indictment" for purposes of 18 U.S.C. § 922(n). The issue of whether the defendant was "under indictment" therefore remains to be determined and is a factual question to be decided by a jury.

Therefore, the Court recommends the Defendant's Third Motion to Dismiss (Doc. 147) be denied.

**4. Fourth Motion to Dismiss (Doc. 148)**

The defendant's Fourth Motion to Dismiss was filed October 13, 2020. The defendant argues Count I of the Indictment should be dismissed because

7

there is insufficient evidence to prove that he had knowledge, or reasonable cause to believe, the gun he is alleged to have possessed was stolen.[2]

Federal Rule of Criminal Procedure 12(b)(3)(B)(iii) and 12(b)(3)(B)(v) provides that a defect in the indictment, such as lack of specificity or failure to state an offense, must be raised by pretrial motion if the basis for the motion is then readily available and the motion can be determined without a trial on the merits. FED. R. CRIM. P. 12(b)(3)(B). When ruling on a motion to dismiss, a court must accept all factual allegations in the indictment as true. See United States v. Sampson, 371 U.S. 75 (1962). A valid indictment must allege that "the defendant performed acts which, if proven, constitute the violation of law for which he is charged." United States v. Polychron, 841 F.2d 833, 834 (8th Cir.1988). If an indictment fails to allege acts that constitute a violation of law, then it may be dismissed. Id.

An indictment adequately states an offense if it "contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Sewell, 513 F.3d 820, 821 (8th Cir.2008)

---

[2] It is somewhat unclear what the defendant is arguing in this motion. The court will treat the motion as a motion for dismiss for lack of specificity under Fed. R. Crim. P. 12(b)(3)(B)(iii). To the extent the defendant is arguing for summary judgment, there exists no such mechanism in federal criminal cases and the argument is denied as meritless. "Federal criminal procedure does not 'provide for a pre-trial determination of the sufficiency of the evidence.'" U.S. v. Ferro, 252 F.3d 964 (8th Cir. 2001) (citing United States v. Critzer, 951 F.2d 306, 307–08 (11th Cir.1992).

(quoting <u>United States v. Hernandez</u>, 299 F.3d 984, 992 (8th Cir.2002)).  This is a low bar, and an indictment will normally be found valid unless it is so defective that no reasonable construction of it properly charges the offense for which the defendant is being tried.  <u>See id</u>. at 821.  Normally, an indictment that tracks the statutory language is sufficient.  <u>Id</u>.

The essential elements of possession of a stolen firearm under 18 U.S.C. § 922(j) and 924 (a)(2) are 1) the defendant knowingly possessed a firearm; 2) the firearm was stolen; 3) the defendant knew or had reasonable cause to believe the firearm was stolen; and 4) the firearm was shipped or transported in interstate commerce.  <u>U.S. v. White</u>, 816 F.3d 976, 985 (8th Cir. 2016).

Here, the superseding indictment is sufficient. It alleges each of the essential elements of possession of a stolen firearm and provides enough detail to put the defendant on notice of the charge against him.  The Indictment is not vague or indefinite.  Contrary to the defendant's argument, the indictment itself need not actually prove he knew or had reason to believe the firearm was stolen.  The allegation that he had knowledge, or reasonable cause to believe, the firearm was stolen satisfies the Government's requirement to allege the *mens rea* element in the instant case.

It is not the job of the indictment to prove each element of the offense, but to inform the defendant of the offense for which he is charged.  Whether the Government has evidence to prove the "knowledge" element is an issue to be resolved at trial.

9

Therefore, the Court recommends the Defendant's Fourth Motion to Dismiss (Doc. 148) be denied.

### 5. Fifth Motion to Dismiss (Doc. 179)

The defendant's Fifth Motion to Dismiss was filed November 13, 2020. The defendant argues both counts against him should be dismissed because they are "multiplicitous" and violate the Double Jeopardy Clause of the U.S. Constitution.

The Double Jeopardy Clause of the Fifth Amendment provides that "no person shall be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. "An indictment is multiplicitous if it charges the same crime in two counts." United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005). "A multiplicitous indictment is impermissible because 'the jury can convict the defendant on both counts, subjecting the defendant to two punishments for the same crime in violation of the double-jeopardy clause of the Fifth Amendment.'" United States v. Sandstrom, 594 F.3d 634, 651–52 (8th Cir. 2010) (quoting Chipps, 410 F.3d at 447)). "Demonstrating that an indictment violates the double jeopardy clause requires the defendant to show that the two offenses charged are in law and fact the same offense." United States v. Two Elk, 536 F.3d 890, 898 (8th Cir. 2008) (internal quotation omitted).

The Blockburger test sets out the applicable rule that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one,

10

is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Id. (internal quotation omitted). However, the "double jeopardy clause does not prevent multiple punishments for the same offense where Congress has specifically authorized cumulative punishment under two statutes." United States v. Mills, 835 F.2d 1262, 1264 (8th Cir. 1987).

Here, by the defendant's own admission, each charge requires proof of an element that the other does not. "Accordingly, the element – "knowingly possessed a stolen firearm"- at Count I of the Indictment (Doc. 26), and the element – "under indictment"- at count V of the indictment (Doc. 26), are therefore, *not* found in the other; thus, being the same offense barred by double jeopardy." (Doc. 179, fn. 1). Because each offense contains an element that the other does not, the offenses are not multiplicitous and do not violate the Double Jeopardy Clause.

Therefore, the Court recommends the Defendant's Fifth Motion to Dismiss (Doc. 179) be denied.

### 6. Sixth Motion to Dismiss (Doc. 187)

The defendant's Sixth Motion to Dismiss was filed December 12, 2020. The defendant argues Count I of the Indictment should be dismissed because it violates the Cruel and Unusual Punishments Clause of the Eighth Amendment

11

of the U.S. Constitution.  Specifically, Mr. Flying Horse argues that because another unnamed defendant, also charged with possession of a stolen firearm in a separate case, had his charge dismissed for lack of knowledge that the gun was stolen, Mr. Flying Horse's case should also be dismissed. He claims he also did not have knowledge that the firearm he possessed was stolen[3], and to treat the two cases differently would be "unusual" punishment for purposes of the Eighth Amendment.

The Cruel and Unusual Punishments Clause provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII.  However, the defendant has failed to point to, and the Court has failed to find, any caselaw suggesting that because the Government chooses to dismiss one defendant's case, they must dismiss all other defendant's cases charged with similar crimes who make the same argument.

The defendant incorrectly relies on Solem v. Helm, 463 U.S. 277 (1983), misquoting it as reading "The final clause [unusual punishments] prohibits...sentences that are disproportionate[.]."  The full quote from Solem reads "The final clause prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed." Id. at 284.  It is clear this case contemplates the proportionality between the crime and

---

[3] As discussed in section 4, *infra*, the issue of whether the defendant knew the firearm was stolen is a factual question to be resolved at trial.  To the extent the defendant argues this issue has been conclusively established by the Government's failure to respond, that argument also fails for the reasons stated in the Reports and Recommendations on the Motions for Default Judgment.

punishment of one person's actions, and not the punishments of two different individuals.

Therefore, the Court recommends the Defendant's Sixth Motion to Dismiss (Doc. 187) be denied.

### 7. Seventh Motion to Dismiss (Doc. 201)

The defendant's Seventh Motion to Dismiss was filed January 4, 2021. The defendant argues Counts I and V should be dismissed because the Government failed to respond to his Thirteenth Request for Judicial Notice (Doc. 177). He also states this request challenges this Court's jurisdiction over the defendant, and the Government's failure to respond "prov[es] plaintiff's *acquiescence* to its lack of such jurisdiction over defendant in this matter." (Doc. 201).

D.S.D. Crim. LR 47.1(C) requires any opposing party to file a response within 7 days of service of a *motion* and accompanying brief. The defendant's Thirteenth Request for Judicial Notice is not a motion which would require a responsive filing under Rule 47.1. Therefore, the Government had no obligation to respond and their failure to respond does not "prove" this Court's lack of jurisdiction.

Alternatively, as stated in this Courts Report and Recommendation regarding Mr. Flying Horse's Motion for Entry of Default "plaintiff's failure to respond to defendants' motions to dismiss "does not automatically compel resolution of [the motions] in favor of [defendants]."" Meyer v. JP Morgan Chase Bank, 2016 WL 11609168 (D.S.D. 2016) (citing United States v. One Parcel of

Real Prop., 27 F.3d 327, 329 n.1 (8th Cir. 1994), (see also Canada v. Union Elec. Co., 135 F.3d 1211, 1213 (8th Cir. 1997) ("When a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive."))

If granted, the defendant's request for judicial notice would be dispositive of this case, as it would leave this court without jurisdiction. As such, the court will not treat the Government's failure to respond as conclusively establishing the facts set forth in the defendant's request for judicial notice.

Therefore, the Court recommends the Defendant's Seventh Motion to Dismiss (Doc. 201) be denied.

### 8. Eighth Motion to Dismiss (Doc. 218)

The defendant's Eighth Motion to Dismiss was filed February 5, 2021. The defendant argues Counts I and V should be dismissed because the Government "*failed* to serve defendant due process of its *Response.*" (Doc. 196). In support of his motion, the defendant cites several civil cases, all of which contemplate a either a plaintiff's failure to serve a complaint and summons under Fed. R. Civ. P. Rule 4(m) or the respective state's local rules of civil procedure; or failure to prosecute under Fed. R. Civ. P. Rule 41(b).

As stated in Section 2, *infra,* the Federal Rules of Civil Procedure have no application in criminal cases. However, the Federal Rules of Criminal Procedure do have a somewhat closely analogous statute, so the Court will evaluate the defendant's claim under the corresponding criminal rule.

Fed. R. Crim. P. 49(a)(1) requires the following documents to be served on an opposing party: "any written motion (other than one to be heard ex parte), written notice, designation of the record on appeal, or similar paper."  In this case, the document referenced by the defendant is a half-page response to one of the defendant's letters (Doc. 196), in which the Government states they do not agree to the defendant's requested stipulations.  This filing is not the type of filing required by Rule 49 to be served on the defendant.

Additionally, the Court is unaware of, and the defendant fails to point to, any caselaw or statute stating that the remedy for failure to serve a filing such as this is dismissal.

Therefore, the Court recommends the Defendant's Eighth Motion to Dismiss (Doc. 218) be denied.

### 9. Ninth Motion to Dismiss (Doc. 250)

The defendant's Ninth Motion to Dismiss was filed June 3, 2021. The defendant argues Counts I and V should be dismissed on the grounds that his right to a speedy trial under the Sixth Amendment and the Speedy Trial Act has been violated.

A defendant's right to a speedy trial is implicated in both the Speedy Trial Act of 1974 and the Sixth Amendment to the U.S. Constitution.  The Speedy Trial Act states, in relevant part, that a trial shall commence no later than 70 days after a defendant has been indicted or arraigned, whichever occurs later. 18 U.S.C. § 3161(c)(1).

There are, however, several instances where the 70-day period may be tolled. These include, among other items, "all time between the filing of a motion and the conclusion of a hearing on that motion, whether or not a delay in holding the hearing is 'reasonably necessary,' Henderson v. United States, 476 U.S. 321, 330 (1986) (interpreting 18 U.S.C. § 3161(h)(1)(F); up to an additional 30 days under which the motion is "under advisement" by the court, 18 U.S.C. § 3161(h)(1)(J); and any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant if the judge finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, 18 U.S.C. § 3161(h)(7)(A). The defendant bears the burden of showing that the Speedy Trial Act has been violated. United States v. Williams, 557 F.3d 943, 950 (8th Cir. 2009).

Here, Mr. Flying Horse has filed, on last count, nearly 50 motions and requests. Each of these filings has tolled the speedy trial clock and considerably slowed down the resolution of the defendant's case. Additionally, the speedy trial clock was tolled for a considerable portion of the last year due to the ongoing COVID-19 pandemic. As such, the defendant has not met his burden of showing the Speedy Trail Act has been violated.

The right to a speedy trial is also guaranteed by the Sixth Amendment. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial." U.S. Const, amend. VI. This right to a speedy trial "attaches at the time of arrest or indictment, whichever comes

16

first, and continues until the trial commences." United States v. Erenas-Luna, 560 F.3d 772, 776 (8th Cir. 2009) (citation omitted).  In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, courts are to consider four factors set out by the Supreme Court: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant.  Barker v. Wingo, 407 U.S. 514, 530 (1972).

The first factor weighs in favor of the defendant. "To trigger speedy trial analysis, the defendant must allege the interval between accusation and trial has crossed a line dividing ordinary from presumptively prejudicial delay." United States v. Aldaco, 477 F.3d 1008, 1019 (8th Cir. 2007) (quotations omitted).  The Eighth Circuit has held that a delay of one year is presumptively prejudicial.  United States v. Jeanetta, 533 F.3d 651, 656 (8th Cir. 2008), See also United States v. Titlbach, 339 F.3d 692, 699 (8th Cir. 2003).  ("A delay approaching a year may meet the threshold for presumptively prejudicial delay requiring application of the Barker factors.").  Here, approximately 13 months have passed since the defendant was indicted on the current charges. The Court finds this delay to be presumptively prejudicial.

The second factor, the reason for the delay, weighs heavily against the defendant.  As stated above, the defendant has filed nearly 50 motions and requests.  "There typically will be no Sixth Amendment violation when the defendant was responsible for most of the delay, which was occasioned by his motions to suppress evidence, for a competency evaluation, and to dismiss."

17

United States v. Flores-Lagonas, 993 F.3d 550, 563 (8th Cir. 2021)

(quoting  United States v. Walker, 840 F.3d 477, 485 (8th Cir. 2016)).

Although the trial has also been delayed by motions and a continuance, these

were filed by co-defendant's and are attributable to the defendant, and not the

Government.  The Government filed one motion for an extension of time (Doc.

67), which delayed the trial by 7 days.  As such, the reason for the delay has

overwhelmingly been attributable to the defendant.

The third factor favors the defendant, as he is the one asserting his right

to a speedy trial.

The fourth factor, prejudice to the defendant, weighs in favor of the

government.  The defendant has not alleged any particularized prejudice,

instead solely stating his right to a speedy trial and vaguely citing the Speedy

Trial Act and the Sixth Amendment.  (Doc. 250).  However, the delay in this

case has created a presumptive prejudice to the defendant.

> [W]e generally have to recognize that excessive delay presumptively
> compromises the reliability of a trial in ways that neither party can
> prove or, for that matter, identify. While such presumptive prejudice
> cannot alone carry a Sixth Amendment claim without regard to the
> other *Barker* criteria, it is part of the mix of relevant facts, and its
> importance increases with the length of delay.

Doggett v. United States, 505 U.S. 647, 655–56, 112 S.Ct. 2686, (1992)

(citation omitted).

Here, the other Barker factors do not support a finding of a Sixth

Amendment violation. Most notably, the Government has caused next to none

of the delay. "In cases without government negligence, however, we have

required the defendant to show actual or specific prejudice." <u>Flores-Lagonas</u> at 565. As stated above, the defendant has not made a showing of actual prejudice.

Although the defendant has been awaiting trial for over a year, an analysis under <u>Barker</u> supports the conclusion that the defendant's Sixth Amendment right to a speedy trial has not been violated. The vast majority of the delay has been caused by the defendant himself. Furthermore, because there was no negligence by the Government, the defendant cannot rely on his presumptive prejudice, and has failed to show any actual or specific prejudice. Therefore, the Court recommends the Defendant's Ninth Motion to Dismiss (Doc. 250) be denied.

## **CONCLUSION**

For the aforementioned reasons, it is respectfully

RECOMMENDED that the defendant's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth motions to dismiss be denied.

## **NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the District Court. <u>Thompson v. Nix</u>, 897 F.2d 356 (8th Cir. 1990); <u>Nash v. Black</u>, 781 F.2d 665 (8th Cir. 1986).

DATED this *21st* day of July, 2021.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge