UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH FLYING HORSE,<br><br>Defendant. | 5:20-CR-50035-JLV-01<br><br>ORDER DENYING DEFENDANT'S MOTIONS FOR RETURN OF PROPERTY |

Pending are Defendant's Motions for Return of Property (Doc. 93, 155, 188, 199, 211, 216, 231). Based on a careful consideration of the relevant pleadings, the Court denies the motions for the reasons stated herein.

### JURISDICTION

Defendant is charged in an Indictment with Possession of a Stolen Firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) and Possession of a Firearm While Under Indictment in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). The pending Motions were referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and United States District Judge Jeffrey L. Viken's Standing Order dated April 1, 2018.

### FACTUAL BACKGROUND

The defendant has filed numerous motions for return of property, each with its own set of relevant facts. As such, the facts pertaining to each motion will be discussed in its respective section.

1

## **DISCUSSION**

FED. R. CRIM. P. 41(g) requires the movant to show he is entitled to lawfully possess the property at issue, id., and that the Government has or had possession of the property, United States v. Bailey, 407 F. App'x 74, 75 (8th Cir. 2011).  "If a factual dispute as to who has custody of the property or who is entitled to possession arises, "the court must hold a hearing to determine those issues.""  United States v. Howard, 973 F.3d 892, 894 (8th Cir. 2020) (quoting United States v. Timley, 443 F.3d 615, 625 (8th Cir. 2006).

For purposes of possession, the government will be found to have possession if they have either actual or constructive possession of the property at issue.  "To constructively possess seized property... the Government must either 1) consider the property as evidence in a federal prosecution or 2) direct state officials to seize the property as agents of federal authorities."  Id.  (citing Clymore v. United States, 164 F.3d 569, 571 (10th Cir. 1999).

### **A. First Motion for Return of Property (Doc. 93)**

The defendant argues that on the date of his arrest, May 22, 2020, his vehicle, a maroon 1999 GMC Yukon Denali Sport, was towed at the request of either the U.S. Marshall or one of the two arresting Pennington County Sherriff's Deputies.  (Doc. 93).

The Government filed a response to this Motion on August 20, 2020.  The Government argues no vehicle has been seized by the United States as part of these proceedings against the defendant, and the Motion should be denied as moot.  (Doc. 96).

The Court has not found, and the defendant has failed to point to anything in the record that the United States has either actual or constructive possession of the property at issue.  If the defendant would like to provide additional evidence in support of his request, or request an evidentiary hearing, he may do so.  At this time, however, the defendant has not met his burden of proving the Government is in actual or constructive possession of a maroon 1999 GMC Yukon Denali Sport owned by the Defendant.  Therefore, the defendant's First Motion for Return of Property is denied without prejudice.

**B. Demand For Return of Property (Doc. 155)**

The defendant argues for the return of items listed on an evidence inventory and receipt list from the South Dakota Division of Criminal Investigation.  (Doc. 155-1).  He asks for the return of a Motorola cell phone and several DeWalt tools and bolt cutters.  (Doc. 155).  The defendant claims the items were stolen from him and then found by law enforcement in a crashed vehicle at "Mt. Carmel and Cabot Hill Road" on April 25, 2020.  (Doc. 155).  He states that these items, too, are being held as evidence by the South Dakota Division of Criminal Investigation. The items appear to be held in the case of <u>State v. Looking Back</u>, Case No. PCR20-204891.  (Doc. 155-1)

"Generally, a Rule 41(e)[1] motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence

---

[1] In 2002, the substance of Rule 41(e) was moved to Rule 41(g), without any changes.

continues." U.S. v. Vanhorn, 296 F.3d 713, 719 (8th Cir. 2002) (citing United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993).

Upon defendant's own admission, which is supported by the documents attached to the defendant's motion (See Doc. 155-1), the items requested are being held as evidence in a pending case. Therefore, the defendant has not met his burden of proving he is entitled to the return of these items, and his Demand for Return of Property is denied.

### C. Second Motion for Return of Property (Doc. 188)

The defendant reiterates his arguments set forth in his demand for return of property (Doc. 155), relating to the return of items on an evidence inventory log, a Motorola cell phone, and several DeWalt tools and bolt cutters, and his 12th request for judicial notice (Doc. 173), relating to two firearms he purchased in jail from two other Pennington County Jail inmates.

Here, as above, the items listed are being held as evidence by the state government. They are therefore not eligible for return to the defendant. Additionally, the defendant is not entitled to lawfully possess the firearms mentioned in his Twelfth Request for Judicial Notice.

Under federal law, a person convicted of a felony is not entitled to possess a firearm. See 18 U.S.C. 922(g). Because the defendant has been convicted of a felony (See Case No.: 51C09002789A0; Doc. 5), he is not entitled to lawfully possess either of the requested firearms. See U.S. v. Felici, 208, F.3d 667 (8th Cir. 2000) ("Based upon [defendant]'s status as a convicted felon,

4

the district court could properly conclude without receiving evidence that [defendant] is not entitled to a return of the firearms.")

Additionally, the defendant's argument in his 2nd footnote that the firearms could instead be returned to his wife, Toni Flying Horse, or his daughter in law, Shelaylah Steele, is also without merit. Id. ("[Defendant] is also not entitled to have the firearms held in trust for him by a third party. Such a request suggests constructive possession. Any firearm possession, actual or constructive, by a convicted felon is prohibited by law.") As such, the defendant's Second Motion for Return of Property is denied.

### D. Third Motion for Return of Property (Doc. 199)

The defendant argues for the return of a CZ, model 52, 7.62x25 caliber semi-automatic pistol, it's magazine, and 5 bullets that were seized from a white Ford Expedition on September 4, 2020.  He also states he placed these items in the vehicle prior to his arrest on May 22, 2020 for "later retrieval." (Doc. 199).  Mr. Flying Horse states items were seized in the criminal case of United States v. Jesse Warbonnett (5:20-cr-50132).

As stated above in section 3, the defendant is not entitled to lawfully possess a firearm, nor is he allowed to have anyone else receive the firearm for him.  Additionally, the items continue to be held as evidence in an ongoing criminal case.  Therefore, the defendant's Third Motion for Return of Property is denied.

**E. Fourth Motion for Return of Property (Doc. 211)**

The defendant argues for the return of a Smith and Wesson, model 586, .357 Magnum caliber double-action revolver and ammunition for the firearm that he purchased from Isaiah Cross White, another inmate in the Pennington County jail.  He also states this firearm was seized in the pending criminal case of <u>United States v. Isaiah Cross White</u> (5:20-cr-50108).

As the firearm was seized and is being held as evidence in an ongoing criminal case, the defendant is not entitled to return of the firearm. Additionally, as stated above in section 3, the defendant is not entitled to lawfully possess a firearm, nor is he allowed to have anyone else receive the firearm for him. Therefore, the defendant's Fourth Motion for Return of Property is denied.

**F. Fifth Motion for Return of Property (Doc. 216)**

The defendant argues for the return of a Lugar, model SR9, 9 mm semi automatic pistol that he purchased from Lester Waters, Jr., another inmate in the Pennington County jail.  He also states that this firearm was seized from Mr. Waters in the closed criminal case of <u>United States v. Waters</u> (5:18-cr-50015)

As stated above in section 3, the defendant is not entitled to lawfully possess a firearm, nor is he allowed to have anyone else receive the firearm for him.  Therefore, the defendant's Fifth Motion for Return of Property is denied.

6

### G. Sixth Motion for Return of Property (Doc. 231)

The defendant argues that on February 11, 2021, another inmate at the Pennington County Jail, Justin Johnson, transferred to him a sum of $32,630 in exchange for his "services rendered." (Doc. 231).  He also states that this money was seized from Mr. Johnson in the state court case of State v. $32, 630 in American Currency, No. 51CIV18-001475, and is therefore in the possession of state authorities.  He also argues the state was acting as a "tool" of the federal government, and therefore the federal government has constructive possession of the property.  Id, citing Bartkus v. People of the State of Illinois, 359 U.S. 121, 123-24 (1959).  However, the court need not determine whether the Government has constructive possession of the property, because the defendant is not entitled to lawfully possess the property at issue.

Here, again, the property at issue was seized as part a criminal investigation and is being held as evidence in an ongoing criminal case. Additionally, as these funds were seized in connection to an alleged drug conspiracy, if Mr. Johnson is convicted, there is a high likelihood these funds will be contraband and subject to forfeiture. Therefore, the defendant's Sixth Motion for Return of Property is denied.

DATED this _21st_ of July, 2021.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge