UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH FLYING HORSE,<br><br>Defendant. | 5:20-CR-50035-JLV-01<br><br>AMENDED ORDER DENYING DEFENDANT'S MOTIONS TO STRIKE AND OVERRULING DEFENDANT'S OBJECTION TO ORDER GRANTING MOTION FOR EXTENSION OF TIME |

Pending are Defendant's Motions to Strike (Docs. 73, 77) and Defendant's Objection to Order Granting Motion for Extension of Time (Doc. 81).

**JURISDICTION**

Defendant is charged in an Indictment with Possession of a Stolen Firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) and Possession of a Firearm While Under Indictment in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). The pending Motions were referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and United States District Judge Jeffrey L. Viken's Standing Order dated April 1, 2018.

**FACTUAL BACKGROUND**

Defendant filed the pending Motion to Strike on July 28, 2020, and again on July 29, 2020. (Docs. 73, 77). In this motion, Defendant argues the Government failed to seek leave of the Court in filing its Motion for Extension of

Time (Doc. 60) and its Response in Opposition to Defendant's Motion to Dismiss and Motion to Default (Doc. 62), and that both filings were untimely. (Docs. 73, 77).

The Defendant has also filed an objection to the Court's order granting the Government's Motion for Extension of Time. (Doc. 81). In his objection, the Defendant claims his due process rights were violated because this Court's Order Requiring Responsive Briefing (Doc. 59) was filed before the Government's Request for Extension of Time (Doc. 60). The Defendant also re-asserts arguments made in his various Requests for Judicial Notice and his Motion to Strike.

## DISCUSSION

### I.  Defendant's Motion to Strike is denied because it is within the Court's discretion to control its own scheduling.

The issue is whether the Government was required to seek leave of the Court before filing their Motion for Extension of Time and their Response in Opposition to Defendant's Motion to Dismiss and Motion for Default.

FED. R. CRIM. P. 45, cited by the Defendant in support of his motion, states in relevant part "[w]hen an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion." FED. R. CRIM. P. 45(b)(1). Additionally, the Court has "broad discretion to control the scheduling of events in matters on its docket." Jones v. Clinton, 72 F 3d. 1354, 1361 (8th Cir. 1996).

Here, the court extended the time on its own in its Order Requiring Responsive Briefing. (Doc. 59). The Government was not required to seek

leave of the Court to file their untimely responses because the Court extended the deadline in which to do so in its own discretion. The timing in which a party is allowed to file a response to a motion falls squarely within the Court's discretion to control its own schedule.

Therefore, the Defendant's Motions to Strike (Docs. 73, 77) are denied.

## II. Defendant's Objection to the Order Granting Motion for Extension of Time is overruled because it is within the Court's discretion to control its own scheduling.

The issue is whether the Defendant's due process rights were violated because this Court's Order Requiring Responsive Briefing (Doc. 59) was filed before the Government's Motion for Extension of Time (Doc. 60).[1]

The Defendant filed a Motion to Dismiss (Doc. 51) on July 2, 2020, a Request for a Hearing (Doc. 53) on July 6, 2020, and a Request for Entry of Default (Doc. 56) on July 13, 2020. As such, the Government had 7 days from the filing of the Motion to Dismiss to respond to Defendant's Motion to Dismiss, making it due July 9, 2020. As of July 14, the Government had not filed a response to Defendant's Motion to Dismiss. Because the court wanted the parties to fully address the merits of the motion, the Court filed an Order Requiring Responsive Briefing directing the Government to file a responsive brief to the Defendant's Motion to Dismiss, Request for a Hearing, and Request for Entry of Default by July 20, 2020. (Doc. 59).

---

[1] In his pleadings, Defendant improperly uses the legal term "due process," describing the term in his motion as "the "process" which things/items are due." (Doc. 81). He also compares it to the expression "counting their chickens before they hatch." Id.

3

The same day this Court ordered the Government to respond, the Government filed their Motion for Extension of Time, requesting an extension until July 16, 2020, on the grounds they had not received the filings because the case was sealed. (Doc. 60). The Court granted the motion to extend, reiterating its conclusion in the Order Requiring Responsive Briefing by July 20, 2020. (Doc. 59).

Mr. Flying Horse argues it was improper for the Court to grant the Government an extension before they filed their Motion for Extension of Time. (Doc. 81). As stated above in Section I, *infra*, the Court has "broad discretion to control the scheduling of events in matters on its docket." Jones v. Clinton, 72 F. 3d 1354. 1361 (8th Cir. 1996). The timing in which a party is allowed to file a response to a motion falls squarely within this discretion.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Strike (Doc. 73, 77) is denied;

ORDERED that Defendant's Objection on Order Granting Motion to Extend (Doc. 81) is overruled.

DATED this 18th day of August, 2021.

BY THE COURT:

/s/ Daneta Wollmann

DANETA WOLLMANN
United States Magistrate Judge

4