UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH FLYING HORSE,<br><br>　　　　　Defendant. | 5:20-CR-50035-JLV-01<br><br>REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS (DOCS. 297, 301, 316) AND MOTION TO REMOVE CASE TO STATE COURT (DOC. 303) |

　　　　Pending is Defendant's Eleventh Motion to Dismiss. (Doc. 297). Mr. Flying Horse argues that the court lacks subject matter jurisdiction because once the firearms in question were displayed for sale, Congress' power to regulate commerce over the firearms ended. In his Twelfth Motion to Dismiss (Doc. 301), Mr. Flying Horse incorporated the arguments asserted in his Eleventh Motion to Dismiss and argues that the counts pending against him should be dismissed because the charges are contrary to the Tenth Amendment. (Doc. 301). Defendant's Thirteenth Motion to Dismiss argues that the Double Jeopardy Clause of the Fifth Amendment rids of the court of jurisdiction because the court's previous Report and Recommendation references the State of South Dakota, instead of the District of South Dakota. (Doc. 316). Finally, Mr. Flying Horse filed a Motion to Remove Case to State Court (Doc. 303) on the grounds set forth in his eleventh and twelfth motion to dismiss. The United States opposes the motions. (Doc. 320). Based on a

1

careful consideration of all the pleadings and applicable law, the Court respectfully makes the following:

## RECOMMENDATION

It is respectfully recommended that Defendant's Motions to Dismiss and Motion to Remove be denied.

## JURISDICTION

Defendant is charged in an Indictment with Possession of a Stolen Firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) and Possession of a Firearm While Under Indictment in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). The pending Motions were referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and United States District Judge Jeffrey L. Viken's Standing Order dated April 1, 2018.

## DISCUSSION

### 1. Eleventh and Twelfth Motions to Dismiss (Docs. 297, 301)

Mr. Flying Horse argues in his eleventh motion to dismiss that the Commerce Clause of the Constitution limits the court's jurisdiction. Specifically, he argues that "Congress' power to regulate commerce in this matter, via said firearm, ended when the firearm was displayed (i.e., commingled), along with those other items, for sale at the Pawn With Us pawnshop[.]" (Doc. 297 at p. 1). In his twelfth motion to dismiss, Mr. Flying Horse cites Bond v. United States, 564 U.S. 211 (2011) and the Tenth Amendment as grounds for his motion. He relies upon the arguments set forth in his eleventh motion to dismiss.

In support of his motions, Mr. Flying Horse quotes portions of several United States Supreme Court cases. (Doc. 297 at p. 2). Two of the cases cited by Mr. Flying Horse involve common carriers and laws applicable to payment of duties and taxation. <u>Wabash R. Co. v. Pearce</u>, 192 U.S. 179 (1904); <u>American Steel & Wire Co. v. Speed</u>, 192 U.S. 500 (1904). Neither case stands for the proposition that once a firearm is offered for sale by a retailer, the district court lacks jurisdiction. Likewise, Mr. Flying Horse's reliance on <u>James Clark Distilling Company v. Western Maryland Railway Co.</u>, 242 U.S. 311 (1917) is also misplaced. This prohibition era case involved a distilling company filing suit to compel common carriers to take shipment of liquors and deliver it to West Virginia. The common carries argued that there was no duty under the United States law to do so. This case likewise does not support Mr. Flying Horse's assertion.

Finally, Mr. Flying Horse cites the case of <u>Bond v. United States</u>, 564 U.S. 211 (2011). The <u>Bond</u> case has some relevance to his motions. However, Bond only stands for the proposition that a criminal defendant has standing to bring a Tenth Amendment challenge to a statute that the defendant was accused of violating. The United States Supreme Court remanded the case for a determination was to whether 18 U.S.C. § 229 was constitutional. While Mr. Flying Horse has established that he has standing to challenge whether 18 U.S.C. §§ 922(j), 924(a)(2), §§ 922(n) and 924(a)(1)(D) are constitutional, he has failed to provide any valid argument or authority as to how the statutes exceed Congress' constitutional authority.

In addressing a defendant's commerce clause challenge to a subsection of 18 U.S.C. §922, the Eighth Circuit held that "[s]ection 922(g) . . . clearly is tied to interstate commerce." United States v. Shelton, 66 F.3d 991, 992 (8th Cir. 1995) (quoting United States v. Rankin, 64 F.3d 338, 339 (8th Cir. 1995)). Although this case addressed a different subsection of § 922, the constitutionality analysis would be the same, since (j) and (n) use the same language that the firearms in question must have been shipped, transported, or possessed "in or affecting" interstate commerce. The Eighth Circuit stated

> To satisfy the interstate commerce element of section 922(g), it is sufficient that there exists "the minimal nexus that the firearm[s] have been at some time, in interstate commerce." The indictment to which [the defendant] pleaded guilty charged that he was a convicted felon and that he "did knowingly possess" four firearms, "all having been previously transported in interstate commerce and, as [defendant] pointed out in argument, firearms are no longer manufactured in Missouri, it is evident that his possession of there firearms was depended upon interstate commerce. Had these firearms not travelled in interstate commerce, they would never have come into [defendant's] possession in Missouri.

Id. at p. 992-993. (internal citations omitted). Mr. Flying Horse essentially argues that when the pawn store placed the firearms for sale in its store, it nullified the history of the firearm's travel in interstate commerce. His position is without merit. Instead, the relevant inquiry is whether the firearms had been, at some time, traveled in interstate commerce. The Indictment alleges the minimal nexus to interstate commerce element.

Therefore, the Court recommends the Defendant's Eleventh Motion to Dismiss (Doc. 295) and his Twelfth Motion to Dismiss (Doc. 301) be denied.

**2. Thirteenth Motion to Dismiss (Doc. 316)**

In his thirteen motion to dismiss, Mr. Flying Horse argues that Counts I and Counts V of the Indictment should be dismissed because the Report and Recommendation filed at Docket 264 states that the offenses occurred in the State of South Dakota, instead of the District of South Dakota. He then argues that this phrase amounts to an "acquittal" by the court and, therefore, he cannot be subject to prosecution under the Double Jeopardy Clause. (Doc. 316). Mr. Flying Horse's argument is without merit.

First, Mr. Flying Horse's concern that the court referenced the State of South Dakota instead of the District of South Dakota is a distinction without a difference. The District of South Dakota encompasses the entire State of South Dakota; a geographical description of the District's boundaries. Second, the Indictment charges Mr. Flying Horse with committing the offenses within the District of South Dakota. His case is still pending and there has been no resolution of the charges; therefore, Double Jeopardy has not attached. Finally, his conclusion that court has "acquitted" him is unsupported by any of the pleadings in this case or by any of the authorities he cites.

Therefore, the Court recommends the Defendant's Thirteenth Motion to Dismiss (Doc. 316) be denied.

**3. Motion to Remove Case to State Court (Doc. 303)**

Mr. Flying Horse moved the court to remove Counts I and V of the Indictment to the State of South Dakota's Seventh Judicial Circuit Court in Rapid City on the grounds raised in his Eleventh and Twelfth Motions to

Dismiss. As set forth above, Mr. Flying Horse's arguments that the court lacks jurisdiction of the case are without merit. Therefore, the court recommends that the Motion to Remove Case to State Court (Doc. 303) be denied.

## CONCLUSION

For the aforementioned reasons, it is respectfully

RECOMMENDED that the Defendant's Eleventh, Twelfth, and Thirteenth motions to dismiss be denied.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 21st day of October, 2021.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge