UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH FLYING HORSE,<br><br>Defendant. | 5:20-CR-50035-JLV-01<br><br>ORDER DENYING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE (DOC. 319) |

Pending is a pleading entitled "Thirteenth[1] Request for Judicial Notice of 1st Defendant" filed on September 29, 2021, at Docket 319.

### **JURISDICTION**

Defendant is charged in an Indictment with Possession of a Stolen Firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) and Possession of a Firearm While Under Indictment in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). The pending Motions were referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and United States District Judge Jeffrey L. Viken's Standing Order dated April 1, 2018.

---

[1] The court notes that this is Mr. Flying Horse's twenty-first request for judicial notice, not the thirteenth request for judicial notice.

## FACTUAL BACKGROUND

In this request, Mr. Flying Horse argues that the court can take judicial notice of portions of case law cited by Mr. Flying Horse and legal arguments regarding subject matter jurisdiction and personal jurisdiction.

## LEGAL STANDARD

Rule 201 of the Federal Rules of Evidence provides as follows:

> **Rule 201. Judicial Notice of Adjudicative Facts.**
>
> **(a) Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
>
> **(b) Kinds of Facts that May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
>
> **(c) Taking Notice.** The court: (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.
>
> **(d) Timing.**  The court may take judicial notice at any stage of the proceeding.
>
> **(e) Opportunity to Be Heard.**  On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed.  If the court takes judicial notice before notifying a party, the party on request, is still entitled to be heard.
>
> **(f) Instructing the jury**. In a civil case, the court must instruct the jury to accept the noticed fact as conclusive. In a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive.

FED.R.EVID. 201.

Pursuant to Federal Rule of Evidence 201, "[t]he court *may* judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b) (emphasis added). The Court may only take notice of an "adjudicatory" fact, not a "legislative fact." Id. "Adjudicative facts are 'facts that normally go to the jury in a jury case. They relate to the parties, their activities, their properties, [and] their businesses.' " Qualley v. Clo–Tex Int'l, Inc., 212 F.3d 1123, 1128 (8th Cir. 2000) (quoting Fed. R. Evid. 201 advisory committee's note to subdivision (a)). Legislative facts, on the other hand, "are established truths, facts or pronouncements that do not change from case to case but apply universally." United States v. Gould, 536 F.2d 216, 220 (8th Cir. 1976). Rule 201, however, does not extend to legislative facts, and a district court "[is] not obligated to inform the jury that it could disregard the judicially noticed fact." Gould, 536 F.2d at 221. Adjudicative facts are "simply the facts of a particular case." Id. (Notes of Advisory Committee). "A high degree of indisputability is the essential prerequisite." Id. (Notes of Advisory Committee).

Mr. Flying Horse asks the court to take judicial notice of legal conclusions or arguments. Neither of these items are adjudicative facts under FED. R. EVID. 201, and are therefore improper requests. It is well-established that Rule 201 only applies to adjudicative facts, not legislative facts. "Legislative facts . . . are those which have relevance to legal reasoning and the

3

law-making process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." United States v. Kraft, No. 1-06-CR-07), 2006 WL 1234889, at *1 (D.N.D. May 3, 2006) (quoting Qualley v. Clo-Tex Intern, Inc., 212 F.3d 1123, 1128 (8th Cir. 2000)). Furthermore, the court is not bound to agree with Mr. Flying Horse's characterizations of the case law he cites. The court is free to read those sources and decide for itself what they say. The request for judicial notice is denied.

## **CONCLUSION**

For the foregoing reasons, it is hereby

ORDERED that Defendant's Request for Judicial Notice (Doc. 319) is denied.

DATED this 21st day of October, 2021.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge